IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VAL-COM ACQUISITIONS TRUST, §
ET AL., §
    Plaintiffs, §
§
VS. § NO. 4:10-CV-863-A
§
U.S. BANK NATIONAL ASSOCIATION §
AS TRUSTEE FOR CITIGROUP §
MORTGAGE LOAN TRUST INC. §
ASSET-BACKED PASS-THROUGH §
CERTIFICATES SERIES 2005-HE3, §
§
    Defendant. §

## MEMORANDUM OPINION
### and
### ORDER

Now before the court for decision is the motion to dismiss, filed in the above-captioned action by defendant, U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates Series 2005-HE3 ("U.S. Bank"). Plaintiffs, Val-Com Acquisitions Trust ("Val-Com") and Gabrielle N. Bonner ("Bonner"), filed nothing in response to the motion. Having thus considered the motion, the pleadings, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Background and the Motion to Dismiss

This is one of several similar removed actions initiated by Val-Com and varying individual plaintiffs in the district courts of Tarrant and other counties. Plaintiffs filed their original petition in this action on September 7, 2010.

According to the limited factual allegations in the petition, Bonner submitted a loan application to WMC Mortgage Corporation ("WMC Mortgage") for the purchase of a personal residence in Fort Worth, Texas. In connection with the loan transaction, Bonner was the maker of a note in the amount of $113,600.00, payable to WMC Mortgage as lender. As security for payment of the note, Bonner executed a deed of trust naming Mortgage Electronic Registration Systems, Inc., as beneficiary. Bonner executed the note and deed of trust on June 22, 2005. Bonner also executed a second-lien note dated June 22, 2005, in the amount of $22,000.00, to WMC Mortgage, and a second-lien deed of trust dated June 22, 2005, for the benefit of Mortgage Electronic Registration Systems.[1] Plaintiffs allege that defendant claims it is the holder of, and entitled to enforce,

---

[1] The petition states only that "Val-Com and Bonner own an interest in the Property," Notice of Removal, Ex. 2, Pl.'s Orig. Pet. at 3, but does not expressly indicate how Val-Com acquired its interest in the property.

2

the note and deed of trust.

The petition alleges that the loan proceeds obtained by Bonner from WMC Mortgage were for the purchase of a personal residence, thus bringing the loan transaction within the purview of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulations, Regulation Z, 12 C.F.R. Part 226 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiffs contend that "on information and belief, and based on the performance of a preliminary review of the loan documents and closing documents," WMC Mortgage violated TILA, Regulation Z, and RESPA, by failing to provide Bonner with disclosures and failing to comply with other procedures required by those statutes or regulations. Notice of Removal, Ex. 2, Pl.'s Orig. Pet. at 4-5.

Plaintiffs seek to recover damages from defendant for the alleged violations of TILA, including Regulation Z, and RESPA, for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, for negligent misrepresentation, and also seek declaratory relief. The petition also includes a motion to set aside the trustee's foreclosure sale and cancel the foreclosure sale deed.

Defendant argues as grounds for the motion to dismiss that:

Val-Com lacks standing to assert any claims; plaintiffs fail to state a claim under TILA or RESPA;[2] plaintiffs fail to state a claim for statutory real estate fraud; and plaintiffs' claim of negligent misrepresentation fails as a matter of law. Defendant asserts several specific arguments within these generalized categories, including that the claims are barred by applicable statutes of limitations.

II.

## Applicable Legal Principles

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in

---

[2] Plaintiff did not allege a separate cause of action for violation of Regulation Z.

Conley. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atl., 550 U.S. at 555; Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In adjudicating defendant's motion, the court may consider the complaint and its proper attachments. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The court may also consider documents attached to defendant's motion to dismiss, as long as those documents are referred to in the complaint and are central to plaintiff's claims. Id. at 499.

5

III.

Analysis

A. Limitations Bars Plaintiffs' Claims Under TILA,
for Fraud in a Real Estate Transaction, and
for Negligent Misrepresentation[3]

A claim for violations of TILA and Regulation Z must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiffs claim defendant violated unnamed provisions of TILA by failing to provide unspecified disclosures and failing to comply with unidentified procedures.

Under TILA, disclosures are required to be made by the lender at the time the loan transaction is consummated between the consumer and the lender. Id. at § 1639(b); Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." Moor, 784 F.2d at 633 (citations and quotation marks omitted). As alleged in the petition, Bonner completed the loan transaction at issue on June 22, 2005. Any claim alleging a violation of TILA was required to be brought within one year, by

---

[3]Limitations, although an affirmative defense, "may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003). Such is the case before the court.

6

June 22, 2006. Plaintiffs' TILA claim, brought September 7, 2010, is barred by limitations.[4]

The petition argues for tolling of the limitations period, either on the basis of equitable tolling or the discovery rule. The basis of plaintiffs' tolling argument is that Bonner could not be expected to discover the statutory violations due to their detailed nature and complexity. The petition cites to no authority for such a proposition, and plaintiffs offered none in response to the motion to dismiss.

Instead, in the Fifth Circuit, "[t]o clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." Id. (internal citations omitted). Plaintiffs neither alleged, nor adduced evidence of, any conduct by defendant of the type contemplated by the Fifth Circuit to warrant tolling.

As to plaintiffs' claim for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, such a claim is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (West

---

[4] While the petition does not appear to seek rescission under TILA, any such claim would also be barred by the three-year limitations period in 15 U.S.C. § 1635(f).

2002); Ford v. Exxon Mobil Chem. Co., 235 S.W.3d 615, 617 (Tex. 2007) (applying four-year limitations period to claims under Tex. Bus. & Com. Code § 27.01). Such a claim accrues "when the fraud should have been discovered by reasonable diligence." Id. The petition alleges that WMC Mortgage made false representations "[i]n connection with [] Bonner's execution and delivery of the Note and Deed of Trust," and that such misrepresentations "were apparent on the face of the loan documents and closing documents." Notice of Removal, Ex. 2, Pl.'s Orig. Pet. at 8-9.

Limitations on plaintiffs' claim for fraud in a real estate transaction thus began to run on June 22, 2005, because Bonner should have discovered such facially apparent misrepresentations at the time of the transaction involving the loan documents. The instant action, filed five years later, is barred by limitations.

Plaintiffs again argue, in conclusory fashion, for tolling of limitations. The court finds this argument, unsupported by either facts or authority, unavailing for the reasons discussed above.

Limitations similarly bars plaintiffs' claim for negligent misrepresentation. Such a claim is governed by a two-year statute of limitations. HECI Exploration Co. v. Neel, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiffs' negligent misrepresentation

claim, brought in this action filed September 7, 2010, is time-barred.

B. <u>Plaintiffs' RESPA Claims Fail</u>

Defendant argues that plaintiffs' claims pursuant to RESPA are likewise barred by limitations. Claims of RESPA violations must be raised within either one or three years of the date a violation occurred, depending on the provision alleged to have been violated. 12 U.S.C. § 2614. Defendant is likely correct regarding limitations, inasmuch as plaintiffs' claims, filed five years after the date of the transaction at issue, would appear to be time-barred under any statutory provision.

The court finds it unnecessary to reach the limitations question, however, as plaintiffs have failed to allege anything as would support a claim under any provision of RESPA. The petition fails to allege the statutory provision or provisions allegedly violated by defendant, fails to allege any facts sufficient to state a RESPA violation, and instead pleads only legal conclusions. Nothing in the petition can be construed as stating a claim for relief pursuant to RESPA.

C. <u>Claim for Declaratory Relief Fails</u>

The petition seeks relief under the Texas Uniform Declaratory Judgments Act, section 37.002 of the Texas Civil

Practice & Remedies Code. The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one. See Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). Application of either the Texas or federal act leads to the conclusion that plaintiffs are not entitled to declaratory relief.

Both the Texas and federal declaratory judgment acts are procedural devices that create no substantive rights. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937); Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). Both the Texas and federal acts require the existence of a justiciable controversy. Aetna, 300 U.S. at 239-41; Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). However, plaintiffs have alleged no facts that would lead to the conclusion that a present controversy exists between them and defendant.

D.  Motion to Set Aside

Inasmuch as plaintiffs' motion to set aside the trustee's foreclosure sale and cancel the trustee's foreclosure sale deed relies on the claims dismissed by the court in this memorandum opinion and order, the court agrees with defendant that the motion to set aside should be denied.

* * * * *

Although the court need not reach the other grounds asserted in the motion to dismiss, a preliminary review indicates that defendant would be entitled to dismissal on those grounds as well.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs, Val-Com and Bonner, against defendant, U.S. Bank, be, and are hereby, dismissed with prejudice.

SIGNED December 10, 2010.

JOHN MCBRYDE
United States District Judge